UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASEY ATKINS, <br><br> Plaintiff, <br><br> v. <br><br> ALLEN COUNTY SHERIFF OF, <br><br> Defendant. | CAUSE NO. 1:22-CV-203-HAB-SLC |

OPINION AND ORDER

Casey Atkins, a prisoner without a lawyer, filed a complaint seeking damages stemming from overcrowded conditions in the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In addition to the complaint, Atkins filed an unsigned motion for summary judgment, arguing that he is entitled to judgment based on the findings in the class action *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022). In that case, the court certified a class of "all persons currently confined, or who would in the future be confined, in the Allen County Jail" under Federal Rule of

Civil Procedure 23(b)(2) for injunctive and declaratory relief. *Id.* at *1. The court found at summary judgment that certain conditions of confinement at the jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners and continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

Atkins' summary judgment motion must be denied because it is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). However, even if it were signed, it would still be denied. Although Atkins is a member of the class in *Morris*, that class action was for declaratory and injunctive relief only. This means Atkins is not automatically entitled to damages; to receive damages he must allege how he personally was injured by any constitutional violation. *See* 18A Fed. Prac. & Proc. Juris. § 4455.2 (3d ed.) ("[A]n individual who has suffered particular injury as a result of practices enjoined in a class action should remain free to seek a damages remedy even though claim preclusion would defeat a second action had the first action been an individual suit for the same injunctive relief."); *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir 1996) ("[T]he general rule is that a

2

class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events. In fact, every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." (quotation marks omitted)). Simply being in the presence of unconstitutional conditions at the jail is not enough to claim damages under 42 U.S.C. § 1983, unless Atkins himself was injured by the conditions. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Here, it is too soon to determine what preclusive effect the class action might have on an individual suit for damages, so the summary judgment motion would be denied even if it were signed.

Because Atkins was a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Inmates are held in conditions that amount to punishment when they are not provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Beyond this, a pretrial detainee must also plausibly allege a defendant's "response was

3

objectively unreasonable under the circumstances" and that the defendant "acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26-27 (7th Cir. 2021). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Here, Atkins' allegations about the conditions at the jail are insufficient to state a claim without additional supporting details about the severity and duration of those conditions and their effect on him. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 (facts must be sufficient so that a claim is "plausible on its face").

Turning to the allegations in the complaint, Atkins alleges that his cellblock has 20 rooms with a total of 40 beds, intended to house 36 to 38 people. But he says there are more than 50 people there daily. He has slept on the floor his entire time at the jail. At 6' 6" tall, he does not comfortably fit on a "boat," so he must put his mattress directly on the floor. His mattress is next to the toilet, and he finds it disgusting to be laying right next to the toilet when people are using it. He alleges it smells like urine no matter how much he cleans it, and people have to use the toilet with him next to it. He complains that he is woken up at night when his cellmates have to use the toilet, and he sometimes

4

get splashed on when his cellmates are urinating. He also says that he gets kicked, tripped over, and sometimes gets things dropped on him.

An allegation of sleeping on the floor, alone, does not state a claim. *See*, *e.g.*, *Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). Sleeping on the floor can contribute to a denial of "the minimal civilized measure of life's necessities." *Hardeman*, 933 F.3d at 820 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). But the complaint lacks details about the severity and duration of disruptions to his sleep and its effect on him.

Atkins alleges that during the day, the cells are locked and all 50-plus inmates must crowd into the day room. He says that some of them must eat sitting on the floor. He alleges the food portions "are not right," the food is always cold and unhealthy, and the food is watered down to make it stretch for all the inmates. ECF 1 at 2. Atkins is entitled to adequate nutrition. *See Hardeman*, 933 F.3d at 820-21; *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015). But Atkins' vague allegations about the food portions does not suggest that he suffered any harm resulting from the food portions he received. Nor is it clear whether he, himself, ate sitting on the floor or how that harmed him.

Atkins alleges that he has not been offered recreation during his time at the jail. He explains that the inmates cannot get away from each other, which leads to arguments and fights. Lack of access to exercise may violate the constitution in

5

"extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). However, restrictions on recreation must be analyzed in light of the other opportunities the inmates have for out-of-cell activities. *See Pearson v. Ramos,* 237 F.3d 881, 884 (7th Cir. 2001). The complaint here is silent on the details surrounding Atkins' daily activities.

Finally, Atkins complains that staff do not respond adequately to medical emergencies because there are no call button in the cells or on the block, the jail does not offer religious services, and that there are classification issues leading to people being housed in the same block as rivals or co-defendants. But he does not allege that he, himself, was personally affected by any of these situations, so these allegations cannot form the basis of a § 1983 claim.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Atkins may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 3);

(2) GRANTS Casey Atkins until **September 15, 2022**, to file an amended complaint; and

(3) CAUTIONS Casey Atkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 15, 2022.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT